The judgment of the court was pronounced by
Rost, J.
The late John Nicholson appointed his brother James his executor, and gave him the seizin of his estate. Atthe death of the testator, James Nicholson had removed from this State and resided in Pennsylvania. On the allegation of this fact, and the representation to the court that the affairs of the succession required immediate attention, Wm. T. Hepp was appointed dative testamentaiy executor, and proceeded to execute the will. Pending his administration, James Nicholson came from Pennsylvania, and took a rule upon him to show cause why his appointment should not be vacated, on the ground that he had never refused the executorship, but, on the contrary, had always signified his intention to accept it. The rule was discharged on the exception of the defendant, that the demand of the plaintiff could not be entertained in this form of action.
The plaintiff then presented a petition praying for the removal of Wm. T. Hepp. To this petition the defendant excepted, alleging that there were no legacies contained in the will; that the heirs were all present and of age, and had the right to take the seizin of the succession at any time. He prayed that they be made parties to the action.
Before any further proceedings were had, the executor rendered to the heirs a final account of his administration, which they approved. They gave him a full discharge by notarial act, and took from him the seizin and actual possession of the effects of the succession. He presented a petition to the court stating those facts, praying for the homologation of the account thus accepted by the heirs, and for his final discharge from all further liability as executor. Two oppositions were made to the homologation by persons pretending to have claims against the succession. ■ Those oppositions were overruled, and a decree made in conformity with the,prayer of the petition. James Nicholson has appealed from this decree, and also from the order appointing Wm. T. Hepp dative testamentary executor.
We are of opinion, that the appointment of Hepp was justified by the facts of the case. The appellant alleges in the petition filed by him to set aside that appointment, that in consequence of his address not being known in New Orleans, no information was received by him of the death of his brother, and of his appointment as executor till after the appointment of Wm. T. Hepp had been made. If no one knew where to find him when the succession was opened, it became the duty of the court to supply his place; and if the person thus appointed has fully administered, and has been discharged, the appellant’s occupation is gone, and we cannot order a new administration to gratify him. Succession of G. Dupuy, 4th Ann. 570.
After the final discharge of the acting executor, it is of veiy little consequence that the bond he gave was not for quite as large a sum as it should have been; and, under all circumstances, as the heirs were satisfied with the security, and accepted it, the appellant would have no right to complain.
The judgment is therefore affirmed, with costs.